UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG EDMONDS, JR.,

Plaintiff,

v.

CITY OF OAKLAND, et al.,

Defendants.

Case No.  26-cv-03355-AGT

**SCREENING ORDER**

Re: Dkt. No. 1

Having granted Craig Edmonds, Jr.'s application to proceed *in forma pauperis*, the undersigned now screens Edmonds's complaint under 28 U.S.C. § 1915(e)(2)(B). The complaint is deficient for the reasons identified below.

Edmonds sues the City of Oakland, Oakland Police Department, and Auto Plus Towing over the towing of his RV. Dkt. 1. The RV was towed three years ago in connection with a December 24, 2022, incident. *Id.* at 3 & 7. Edmonds seeks to bring claims under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. *Id.* at 5–6.

In light of Edmonds's *pro se* status, the Court construes Edmonds's claims as brought under 42 U.S.C. § 1983. The amendments do not (by themselves) provide a plaintiff with a private right of action. *See, e.g., Rogers v. City of San Diego,* No. 18-CV-2746, 2019 WL 142174, at *5 n.1 (S.D. Cal. Jan. 8, 2019) ("The Fourth and Fourteenth Amendments do not themselves give rise to a cause of action."); *Hacienda Valley Mobile Ests. v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) (Fifth Amendment claims must be brought under

§ 1983). Instead, "[s]ection 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).

So construed, Edmonds's claims appear to be time-barred. Federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In California, there is a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1. Because the complaint explicitly alleges the underlying incident giving rise to Edmonds's claims occurred three years ago, dkt. 1 at 7, Edmonds's claims appear to be time-barred.

In any amended complaint, Edmonds should clarify when the incidents at issued occurred, when he learned of them, and whether any tolling is applicable to his claims.

Edmonds may file an amended complaint, on or before **June 1, 2026**. If Edmonds doesn't do so, or if he files an amended complaint that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss this case.

**IT IS SO ORDERED.**

Dated: April 29, 2026

Alex G. Tse
United States Magistrate Judge

2